IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT WARDRICK    Petitioner | * |
| v. | * CIVIL ACTION NO. AMD-06-1401 |
| UNITED STATES OF AMERICA UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND    Respondents | * * |

***

MEMORANDUM

On September 17, 2002, judgment was entered in this court and Robert Wardrick was sentenced to concurrent 300 and 120 month terms in the Federal Bureau of Prisons for firearms violations under 28 U.S.C. § 922(g)(1) and 26 § 5861(d). *See United States v. Wardrick*, Criminal No. MJG-01-0217 (D. Md.). The convictions were affirmed on appeal. On August 23, 2004, Judge Marvin J. Garbis dismissed Wardrick's 28 U.S.C. § 2255 motion to vacate with prejudice. *See Wardrick v. United States*, Civil Action No. MJG-03-3592 (D. Md.). The appeal was dismissed by the United States Court of Appeals for the Fourth Circuit. On June 15, 2005, Wardrick's second § 2255 motion was dismissed without prejudice as successive. *See Wardrick v. United States*, Civil Action No. MJG-05-1551 (D. Md.).

Wardrick is currently confined at the McKean Federal Correctional Institution ("FCI-McKean") in Bradford, Pennsylvania. On June 2, 2006, the court received for filing Wardrick's 28 U.S.C. § 2241 petition for habeas corpus relief. Wardrick is raising a direct challenge to the legality of the search and seizure warrant used to gain entry into his Baltimore, Maryland residence in 2001, alleging that the warrant was premised on false statements made by a Baltimore County, Maryland detective. Paper No. 1. As relief, he asks that the court "correct the injustice by throwing out the fruits of the ill gotten search and illegal seizure, an immediate release and to be compensated

for my home, cars, clothes, etc.  Paper No. 1  Although Wardrick's motion to proceed in forma pauperis was submitted in an incomplete format, he shall be granted provisional indigency status.

Wardrick's attack on the underlying search and seizure warrant plainly goes to the legality of his 2002 firearms convictions in this court. This issue is properly filed in a § 2255 Motion and is to be presented to the sentencing court. *See Roccisano v. Menifee*, 293 F.3d 51, 57 (2$^d$ Cir. 2002); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *Townsend v. Davis*, 254 F.Supp.2d 978, 981-82 (W.D. Tenn. 2003); *Gonzalez v. United States*, 150 F.Supp.2d 236, 240 (D. Mass. 2001).  Petitioner is precluded from seeking such collateral relief here under 28 U.S.C. § 2255 without permission of the Fourth Circuit.  *See* 28 U.S.C. § 2244(b).

To the extent that petitioner seeks to challenge his federal convictions pursuant to 28 U.S.C. § 2241, this court lacks jurisdiction over the matter. Personal jurisdiction over a § 2241 habeas corpus petition lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Petitioner is confined at the FCI-McKean in Bradford, Pennsylvania, and his custodian, or the person who has the day-to-day responsibility for his custody, would be the warden/superintendent at that facility. Therefore, assuming that petitioner may seek § 2241 relief to attack his federal convictions, this court lacks personal jurisdiction over this matter.[*]

---

[*] Even if this court had personal jurisdiction over the habeas petition, it would find no subject matter jurisdiction for § 2241 review. It is well established that § 2241 petitions are intended to address the execution of a sentence rather than its validity, *e.g.*, imposition or duration of a sentence. *See In re Vial*, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) (en banc). Petitioner may be attempting to utilize § 2241 under the "savings clause" provision of § 2255 on the basis that he is barred from filing a successive § 2255 motion and that the § 2255 remedy is inadequate and ineffective to test the legality of his detention. Under the law in this circuit, however, he may not do so. *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). His remedy under

(continued...)

For the aforementioned reasons, this action shall be dismissed without prejudice  A separate Order follows.


Filed: June 9, 2006                             /s
                                        Andre M. Davis
                                        United States District Judge

---

[*] (...continued)
§ 2255 has not been rendered ineffective or inadequate merely because he is precluded from filing a successive § 2255 motion without Fourth Circuit authorization. *See San-Miguel v. Dove*, 291 F.3d 257, 261, n.2 (4th Cir. 2002).

3